UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DAMETRICK GRAY, | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | CAUSE NO. 1:10-CV-443 RM |
| OFFICER KRUGER, | ) ) ) ) | |
| Defendant | ) | |

OPINION AND ORDER

DaMetrick Gray, by counsel, filed a complaint under 42 U.S.C. § 1983 challenging the conditions of his confinement at the Allen County Jail. The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional

right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Gray alleges that Officer James Kruger, a guard at the jail, failed to prevent him from being attacked by another inmate. According to the complaint, a "keep separate" order was issued in January 2009 prohibiting inmate Demarcus Morgan from having any contact with Mr. Gray because of an earlier conflict between them. Mr. Gray alleges that notwithstanding this order, Officer Kruger allowed Mr. Morgan to access the area where he was located, and that Mr. Morgan beat him. He alleges that Officer Kruger acted intentionally or with deliberate indifference to the danger Mr. Morgan posed.

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners."[1] Farmer v. Brennan, 511 U.S. 825, 833 (1994). When an inmate is attacked by another inmate, the Eighth Amendment is violated if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." Haley v. Gross, 86 F.3d 630, 640 (7th Cir. 1996). To be liable, the defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." Farmer, 511 U.S. at 837. Giving Mr. Gray the inferences to which he is entitled at this stage, he has stated a claim against Officer Kruger for failing to protect him from an attack by Mr. Morgan.

---

[1] It is not clear from the complaint whether Mr. Gray was a pretrial detainee or a convicted prisoner at the time of the incident, but the "recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is effectively the same. Palmer v. Marion County, 327 F.3d 588, 593 (7th Cir. 2003).

For these reasons, the court:

(1) DIRECTS the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Officer James Kruger; and

(2) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Kruger respond to the complaint as provided for in the Federal Rules of Civil Procedure.

SO ORDERED.

ENTERED: January  13 , 2011          /s/ Robert L. Miller, Jr.
                                               Judge
                                               United States District Court